#24862.1
#24863,1
#24887.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30097-

| | |
|---|---|
| Jose A. Zambrana, Jr., Christopher Sternowski, and Scott Sternowski, ) ) ) ) | |
| Plaintiffs ) ) | |
| v. ) ) ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Western Mass. Bodyworks Unlimited, Inc., and Antonio J. Bordoni, ) ) ) ) | |
| Defendants ) ) | |

1. Plaintiffs bring this action to recover unpaid overtime compensation under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. (hereinafter "Act.").

2. Jurisdiction of this action is conferred upon the Court by Section 216(b) of the Act.

3. The plaintiff, Jose A. Zambrana, Jr., ("Zambrana") resides at 219 Gresham Street, Springfield, Hampden County, Massachusetts.

4. The plaintiff, Christopher Sternowski, ("C. Sternowski") resides at 48 Newbury Street, Chicopee, Hampden County, Massachusetts.

5. The plaintiff, Scott Sternowski, ("S. Sternowski") resides at 1009 Berkshire Avenue, Springfield, Hampden County, Massachusetts.

6. The defendant, Western Mass. Bodyworks Unlimited, Inc., is a Massachusetts corporation having a principal place of business at 347 Elm Street, East Longmeadow, Hampden County, Massachusetts, and employs numerous employees who are engaged in the restoration, repair, and painting of motor vehicles.

7. The defendant, Antonio J. Bordoni, resides and has a usual place of business at 347 Elm Street, East Longmeadow, Hampden County, Massachusetts, and at all times material hereto, was the President, Treasurer, Clerk, owner, and had operational control of significant aspects of the day-to-day functions, including compensation of employees, and the management of the defendant, Western Mass. Bodyworks Unlimited, Inc.

8. Defendants employed Zambrana as an auto body technician from on or about the beginning of May, 2003, through on or about January 16, 2004. The exact starting date is presently unknown to Zambrana. During said times, Zambrana was engaged in interstate commerce for defendants, and/or employed in an enterprise engaged in interstate commerce, including, but not limited to, the restoration and repair of motor vehicles. Zambrana was employed by defendants during the above times at work weeks of more than 40 hours without being compensated for employment in excess of 40 hours at the rate of not less than one and one-half times the regular rate at which he should have been employed, contrary to Section 7(a) of the Act, 29 U.S.C. § 207(a).

9. Defendants employed C. Sternowski as a detailer and remover and installer of motor vehicle parts from on or about the beginning of December, 2001, to on or about the beginning of May, 2002, and from on or about August 2002, or September, 2002, to on or

about January 23, 2004. The exact starting and ending dates are presently unknown to C. Sternowski. During said times, C. Sternowski was engaged in interstate commerce for defendants, and/or employed in an enterprise engaged in interstate commerce, including, but not limited to, the detailing of motor vehicles and removal and installation of motor vehicle parts. C. Sternowski was employed by defendants during the above times at work weeks of more than 40 hours without being compensated for employment in excess of 40 hours at the rate of not less than one and one-half times the regular rate at which he should have been employed, contrary to Section 7(a) of the Act, 29 U.S.C. § 207(a).

10. Defendants employed S. Sternowski as an auto body technician from on or about the beginning of July 2001, through on or about April 7, 2004. The exact starting date is presently unknown to S. Sternowski. During said times, S. Sternowski was engaged in interstate commerce for defendants, and/or employed in an enterprise engaged in interstate commerce, including, but not limited to, the removal and installation of motor vehicle parts and as an auto body technician. S. Sternowski was employed by defendants during the above times at work weeks of more than 40 hours without being compensated for employment in excess of 40 hours at the rate of not less than one and one-half times the regular rate at which he should have been employed, contrary to Section 7(a) of the Act, 29 U.S.C. § 207(a).

11. As a result of said violations of Section 7(a) of the Act by defendants, there are now sums due and owing from the defendants to each plaintiff in amounts that are not as yet determined by the plaintiffs.

12. It is necessary for the plaintiffs to have the services of an attorney to institute and prosecute this action against the defendants. Plaintiffs have employed this attorney now appearing herein on their behalf and plaintiffs will be required to expend reasonable

attorney's fees for said attorney in the interest of this action and expend other costs and expenditures necessarily incurred and have agreed to pay said attorney for his services herein.

## COUNT 1

(ZAMBRANA v. WESTERN MASS. BODYWORKS UNLIMITED, INC. —

29 U.S.C. § 207(a))

13. Zambrana repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

14. The refusal of the defendant, Western Mass. Bodyworks Unlimited, Inc., to pay Zambrana his overtime wages due him is in violation of 29 U.S.C. § 207(a).

15. The violation of 29 U.S.C. § 207(a) by the defendant, Western Mass. Bodyworks Unlimited, Inc., was willful.

16. Pursuant to 29 U.S.C. § 216(b), the defendant, Western Mass. Bodyworks Unlimited, Inc., is liable to Zambrana for his unpaid overtime hours in a sum according to proof and in an additional amount as liquidated damages, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, Zambrana demands judgment against the defendant, Western Mass. Bodyworks Unlimited, Inc., in a sum according to proof, together with an equal sum as liquidated damages, plus costs of litigation, and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 2

(ZAMBRANA v. ANTONIO J. BORDONI — 29 U.S.C. § 207(a))

17. Zambrana repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

18. The refusal of the defendant, Antonio J. Bordoni, to pay Zambrana his overtime wages due him is in violation of 29 U.S.C. § 207(a).

19. The violation of 29 U.S.C. § 207(a) by the defendant, Anthony J. Bordoni, was willful.

20. Pursuant to 29 U.S.C. § 216(b), the defendant, Antonio J. Bordoni, is liable to Zambrana for his unpaid overtime hours in a sum according to proof and in an additional amount as liquidated damages, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, Zambrana demands judgment against the defendant, Antonio J. Bordoni, in a sum according to proof, together with an equal sum as liquidated damages, plus costs of litigation, and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 3

(C. STERNOWSKI v. WESTERN MASS. BODYWORKS UNLIMITED, INC. —

29 U.S.C. § 207(a))

21. C. Sternowski repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

22. The refusal of the defendant, Western Mass. Bodyworks Unlimited, Inc., to pay C. Sternowski his overtime wages due him is in violation of 29 U.S.C. § 207(a).

23. The violation of 29 U.S.C. § 207(a) by the defendant, Western Mass. Bodyworks Unlimited, Inc., was willful.

24. Pursuant to 29 U.S.C. § 216(b), the defendant, Western Mass. Bodyworks Unlimited, Inc., is liable to C. Sternowski for his unpaid overtime hours in a sum according to proof and in an additional amount as liquidated damages, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, C. Sternowski demands judgment against the defendant, Western Mass. Bodyworks Unlimited, Inc., in a sum according to proof, together with an equal sum as liquidated damages, plus costs of litigation, and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 4

(C. STERNOWSKI v. ANTHONY J. BORDONI – 29 U.S.C. § 207(a))

25. C. Sternowski repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

26. The refusal of the defendant, Anthony J. Bordoni, to pay C. Sternowski his overtime wages due him is in violation of 29 U.S.C. § 207(a).

27. The violation of 29 U.S.C. § 207(a) by the defendant, Anthony J. Bordoni, was willful.

28. Pursuant to 29 U.S.C. § 216(b), the defendant, Anthony J. Bordoni, is liable to C. Sternowski for his unpaid overtime hours in a sum according to proof and in an additional amount as liquidated damages, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, C. Sternowski demands judgment against the defendant, Anthony J. Bordoni, in a sum according to proof, together with an equal sum as liquidated damages, plus costs of litigation, and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 5

(S. STERNOWSKI v. WESTERN MASS. BODYWORKS UNLIMITED, INC. --

29 U.S.C. § 207(a))

29. S. Sternowski repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

30. The refusal of the defendant, Western Mass. Bodyworks Unlimited, Inc., to pay S. Sternowski his overtime wages due him is in violation of 29 U.S.C. § 207(a).

31. The violation of 29 U.S.C. § 207(a) by the defendant, Western Mass. Bodyworks Unlimited, Inc., was willful.

32. Pursuant to 29 U.S.C. § 216(b), the defendant, Western Mass. Bodyworks Unlimited, Inc., is liable to S. Sternowski for his unpaid overtime hours in a sum according to proof and in an additional amount as liquidated damages, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, S. Sternowski demands judgment against the defendant, Western Mass. Bodyworks Unlimited, Inc., in a sum according to proof, together with an equal sum as liquidated damages, plus costs of litigation, and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 6

(S. STERNOWSKI v. ANTONIO J. BORDONI — 29 U.S.C. § 207(a))

33. S. Sternowski repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

34. The refusal of the defendant, Antonio J. Bordoni, to pay S. Sternowski his overtime wages due him is in violation of 29 U.S.C. § 207(a).

35. The violation of 29 U.S.C. § 207(a) by the defendant, Antonio J. Bordoni, was willful.

36. Pursuant to 29 U.S.C. § 216(b), the defendant, Antonio J. Bordoni, is liable to S. Sternowski for his unpaid overtime hours in a sum according to proof and in an additional amount as liquidated damages, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, S. Sternowski demands judgment against the defendant, Antonio J. Bordoni, in a sum according to proof, together with an equal sum as liquidated damages, plus costs of litigation, and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 7

(ZAMBRANA v. WESTERN MASS. BODYWORKS UNLIMITED, INC. –

M.G.L., c. 149, § 148)

37. Zambrana repeats and realleges the allegations contained in paragraphs 1.-12. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

38. Zambrana performed work for defendant, Western Mass. Bodyworks Unlimited, Inc., from January 12, 2004, through and including January 16, 2004, when he voluntarily resigned.

39. Since Zambrana's termination of employment on or about January 16, 2004, up to the present and continuing, the defendant, Western Mass. Bodyworks Unlimited, Inc., has refused to pay Zambrana for the hours he actually worked from January 12, 2004, through and including January 16, 2004.

40. The refusal of the defendant, Western Mass. Bodyworks Unlimited, Inc., to pay Zambrana his wages due him is in violation of M.G.L., c. 149, § 148.

41. On or about February 5, 2004, Zambrana, pursuant to M.G.L., c. 149, § 150, filed a Non-Payment Of Wage Complaint with the Commonwealth of Massachusetts, Office of the Attorney General, Fair Labor and Business Practices Division.

42. By letter dated February 12, 2004, the Commonwealth of Massachusetts, Office of the Attorney General, Fair Labor and Business Practices Division, granted Zambrana a private right of action to sue the defendant, Western Mass. Bodyworks Unlimited, Inc., in accordance with M.G.L., c. 149, § 150.

43. Zambrana has complied with the procedural requirements of M.G.L., c. 149, § 150.

44. Pursuant to M.G.L., c. 149, § 150, the defendant, Western Mass. Bodyworks Unlimited, Inc., is liable to Zambrana for his unpaid hours actually worked from January 12, 2004, through and including January 16, 2004, in a sum according to proof, which amount is to be trebled, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, Zambrana demands judgment against the defendant, Western Mass. Bodyworks Unlimited, Inc., in a sum according to proof, which amount is to be trebled, plus costs of litigation and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT 8

(ZAMBRANA V. ANTONIO J. BORDONI – M.G.L., c. 149, § 148)

45. Zambrana repeats and realleges the allegations contained in paragraphs 1.-12. and paragraphs 37. to 44. hereinabove in this Complaint And Demand For Jury Trial and incorporates them as if separately stated herein.

46. Pursuant to M.G.L., c. 149, § 148 and § 150, the defendant, Antonio J. Bordoni, is liable to Zambrana for his unpaid hours actually worked from January 12, 2004, through and including January 16, 2004, in a sum according to proof, which amount is to be trebled, plus costs of litigation and reasonable attorneys fees according to proof.

Wherefore, Zambrana demands judgment against the defendant, Antonio J. Bordoni, in a sum according to proof, which amount is to be trebled, plus costs of litigation and reasonable attorneys fees according to proof, and pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

The plaintiffs demand a trial by jury on all issues.

THE PLAINTIFFS, JOSE A. ZAMBRANA, CHRISTOPHER STERNOWSKI, AND SCOTT STERNOWSKI

By: /s/ Robert L. Dambrov
ROBERT L. DAMBROV, ESQ.
BBO #113160
Cooley, Shrair P.C.
1380 Main Street
Springfield, MA 01103
Telephone (413) 781-0750
Facsimile (413) 733-3042

Dated: May 19, 2004