UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**WESTERN DIVISION**  CIVIL ACTION NO.: 04-30097-KPN

Jose A. Zambrana, Jr.,
Christopher Sternowski, and
Scott Sternowski,
    Plaintiffs,

v.   **ANSWER and AFFIRMATIVE DEFENSES**

Western Mass. Bodyworks
Unlimited, Inc., and
Antonio J. Bordoni,
    Defendants

1. Said allegation does not require an answer.

2. The Defendants admit that this matter falls until the jurisdiction of 29 U.S.C § 216(b).

3. The Defendants admit the description of Plaintiff, Jose A. Zambrana, Jr.

4. The Defendants admit the description of Plaintiff, Christopher Sternowski.

5. The Defendants admit the description of Plaintiff, Scott Sternowski.

6. The Defendants admit the allegations set forth in Plaintiffs' Paragraph 6.

7. The Defendants admit that the Defendant, Antonio J. Bordoni, has a usual place of business at 347 Elm Street, East Longmeadow, Hampden County, Massachusetts, and at all times material hereto, was the President, Treasurer, Clerk, owner and had operational control of significant aspects of the day-to-day functions, including compensation of employees, and the management of the Defendant, Western Mass. Bodyworks Unlimited, Inc., but denies that resides at 347 Elm Street, East Longmeadow, Hampden County, Massachusetts.

8. The Defendants admit so much of Paragraph 8 of the Complaint that alleges Jose A. Zambrana, Jr. was employed as an auto body technician, is without sufficient knowledge

to admit or deny so much of Paragraph 8 of the Complaint that alleges the dates of employment, and denies the remaining allegation and inferences contained therein.

9. The Defendants admit so much of Paragraph 9 of the Complaint that alleges that Christopher Sternowski was employed as a detailer and remover and installer of motor vehicle parts, is without sufficient knowledge to admit or deny so much of Paragraph 9 of the Complaint that alleges the dates of employment, and denies the remaining allegations and inferences contained therein.

10. The Defendants admit so much of Paragraph 10 of the Complaint that alleges that Scott Sternowki was employed as an auto body technician, is without sufficient knowledge to admit or deny so much of Paragraph 10 of the Complaint that alleges the dates of employment, and denies the remaining allegations and inferences contained therein.

11. The Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

14. The Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. The Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. The Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

18. The Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. The Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

22. The Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. The Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. The Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

26. The Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. The Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

30. The Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. The Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. The Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

34. The Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. The Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. The Defendants repeat and incorporate their answers to allegations 1 through 12 of the Complaint.

38. The Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39. The Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint.

43. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44. The Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. The Defendants repeat and incorporate their answers to the allegations 1 through 12, and Paragraphs 37 through 44 of the Complaint.

46. The Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and therefore, should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Complaint seeks recovery for causes of action that accrued beyond the Statute of Limitations, and said causes of action are barred.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by accord and satisfaction.

WHEREFORE, the Defendants hereby request this Court dismiss the Complaint and award the Defendants their costs and attorneys fees.

### JURY CLAIM

The Defendants demand a jury trial on all counts.

The Defendants,
Western Mass. Bodyworks
Unlimited, Inc., and
Antonio J. Bordoni
By Their Attorney,

Dated: July 12, 2004

_____
Sheila L. Mulholland
LIEBEL, deSOUSA & MULHOLLAND
1391 Main Street, Suite 822
Springfield, MA 01103
Tel:  413/ 781-1004
Fax:  413/ 736-2278
BBO # 359840

## CERTIFICATE OF SERVICE

    I, Sheila L. Mulholland, attorney for the Defendants, Western Mass. Bodyworks Unlimited, Inc. and Antonio J. Bordoni, in the above-captioned matter hereby state that on this day I forwarded a copy of the foregoing via first class mail, postage prepaid, to the Plaintiffs, Jose Zambrana, Jr., Christopher Sternowki and Scott Sternowski, to their attorney, Robert L. Dambrov, Esq., of Cooley, Shrair, P.C., at 1380 Main Street, Springfield, MA 01103.

Dated: July 12, 2004                   _____
                                                  Sheila L. Mulholland